IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARK LETART, et al.,

          Plaintiffs,

v.                                         CIVIL ACTION NO. 2:19-cv-00877

UNION CARBIDE CORPORATION,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Objection [ECF No. 116] to a discovery order entered by Magistrate Judge Tinsley on April 9, 2021 [ECF No. 111]. Judge Tinsley ordered Plaintiff to fully respond to certain discovery requests, including executing releases granting Defendant Union Carbide Corporation access to Plaintiff's medical records dating back to March 2000. Judge Tinsley entered this order after finding that Plaintiff's medical records, "at least as [they] relate to his physical condition, [are] relevant to . . . UCC's potential defenses" to Plaintiff's claim. [ECF No. 111, at 3–4].

Plaintiff takes issue with that finding and argues that the elements of his medical monitoring claim do not place his medical history at issue, and that his medical history is not relevant to any potential defense. Plaintiff further argues that Judge Tinsley failed to consider Plaintiff's privacy interest in withholding his medical information. Defendant responds that Plaintiff has failed to meet the standard for

overturning Judge Tinsley's order because it was not clearly erroneous or contrary to law. Specifically, Defendant argues that Plaintiff's medical history, including information about any potential risk factors for the four types of cancer at issue here, is relevant to the claim and defenses. As to Plaintiff's privacy argument, Defendant responds that the protective order entered by Judge Tinsley alleviates any privacy concerns. Having considered Plaintiff's objection, Defendant's response, and the relevant caselaw, the Objection [ECF No. 116] is **OVERRULED**.

When considering objections to a magistrate judge's order on a nondispositive matter, a district court may only "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 33 U.S. 364, 395 (1948).

In this case, I cannot find that Judge Tinsley's order was clearly erroneous or contrary to law. Plaintiff's claim for medical monitoring requires proof, among other things, that "the increased risk of disease makes it reasonably necessary for the plaintiff to undergo periodic diagnostic medical examinations *different from what would be prescribed in the absence of the exposure.*" Syl. Pt. 3, *Bower v. Westinghouse Elec. Corp.*, 522 S.E.2d 424, 426 (W. Va. 1999) (emphasis supplied). Therefore, a potential defense to Plaintiff's claim is that Plaintiff has other conditions or risk factors that, even without Plaintiff's alleged exposure, necessitate the same type of diagnostic medical examinations requested here. Because information "regarding any

nonprivileged matter that is relevant to any party's claim or defense" is discoverable, Fed. R. Civ. P. 26(b)(1), I cannot find that Judge Tinsley's order compelling Plaintiff to fully respond to defendant's discovery requests was clearly erroneous or contrary to law. Plaintiff's privacy concerns do not change or overcome this determination. By bringing this claim, Plaintiff has unavoidably placed his medical history in question. The discovery ordered by Judge Tinsley, which is more limited than Union Carbide initially requested, is both proportional to the needs of the case and important to the issues at stake. Judge Tinsley's protective order is sufficient to protect the aspects of Plaintiff's privacy that he has not given up by bringing this lawsuit. The objection is **OVERRULED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 23, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE