IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARK LETART, et al.,

        Plaintiffs,

v.                                                CIVIL ACTION NO. 2:19-cv-00877

UNION CARBIDE CORPORATION,

        Defendant.

## MEMORANDUM OPINION & ORDER

Pending before the court is Defendant DuPont de Nemours, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction. [ECF No. 123]. DuPont contends that it has never owned or operated any portion of the Institute Site because it was instead Specialty Products US, LLC, a former subsidiary of DuPont, that owned and operated part of the Institute Site. Specialty Products is not a party to this lawsuit. The part of the Institute Site at issue with regard to DuPont is known as the POLYOX Plant.

According to DuPont, it has never owned or operated the POLYOX Plant. Rather, Specialty Products became a tenant at the Institute Site to operate the POLYOX Plant in April 2019. "Specialty ceased to be a subsidiary of any entity related to DuPont de Nemours, Inc. on February 1, 2021." [ECF No. 156, at 9 n.2]. This is after the Second Amended Complaint was filed in January 2021, but prior to service on March 1, 2021. [ECF No. 101]. Plaintiff contends that Specialty Products

remains a subsidiary of DuPont to this day. Because it does not affect the outcome of this ruling, I accept Plaintiff's allegation as true.

The defendant has first moved to dismiss the plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1] "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp*, 416 F.3d 290, 294 (4th Cir. 2005). When the court addresses the jurisdictional question "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Id.; see Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "Under such circumstances, courts 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" *New Wellington*, 416 F.3d at 294 (citing *Combs*, 886 F.2d at 676). "The Fourth Circuit has clarified that a Rule 12(b)(2) challenge should generally be resolved before trial

---

[1] In order for a court to exercise general jurisdiction "over a defendant in an action which does not arise out of a defendant's contact with the forum, . . . the defendant's contacts with the forum must be 'continuous and systematic' in order to satisfy the due process clause." *Fed. Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 660 (4th Cir. 1989) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). In this case, the plaintiff makes no claims that the defendants' contacts with West Virginia are continuous or systematic. Therefore, the plaintiff has not alleged that this court has general jurisdiction over the defendants and my analysis focuses solely on whether this court may exercise specific jurisdiction over the defendants.

2

"as a preliminary matter." *Grayson*, 816 F.3d at 267. Nevertheless, "when a material jurisdictional fact is disputed and that fact overlaps with a fact that needs to be resolved on the merits by a jury," a court "might ... defer its legal ruling on personal jurisdiction to let the jury find the overlapping fact." *Grayson*, 816 F.3d at 267 (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982))." *Good v. American Water Works Co.*, 2016 WL 5402230, *3 (S.D. W. Va. Sept. 26, 2016).

For a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied. *Mylan Lab., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993). First, a state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant. Second, the court's exercise of personal jurisdiction over the non-resident defendant must "comport with the Due Process Clause." *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997). "Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction. *Id.* at 627-28 (citing *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 525 (4th Cir.1987)). Consequently, the statutory inquiry merges with the Constitutional inquiry, and the two inquires essentially become one. *See id.* Accordingly, the court's inquiry centers on whether exercising personal jurisdiction over the defendant is consistent with the Due Process Clause.

"A court's exercise of personal jurisdiction over a non-resident defendant is consistent with the Due Process Clause if the defendant has sufficient 'minimum contacts' with the forum such that requiring the defendant to defend its interests in

the forum does not 'offend traditional notions of fair play and substantial justice.'" *In re Celotex*, 124 F.3d 619 at 628 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). The Fourth Circuit has applied a three-part test to determine whether specific jurisdiction exists: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004). The "touchstone" of the specific jurisdiction analysis is whether the defendant "engaged in some activity purposefully directed toward the forum state." *In re Celotex*, 124 F.3d at 628 (internal quotations omitted).

To determine whether DuPont has purposefully availed itself of the privilege of conducting activities in West Virginia, I must consider the relationship between DuPont and Specialty Products. "Generally courts presume the institutional independence of parent corporation and wholly-owned subsidiary when considering the question whether jurisdiction may be asserted over the parent solely on the basis of the subsidiary's contacts with the forum." *Toney v. Family Dollar Stores, Inc.*, 273 F. Supp. 2d 757, 761 (S.D. W. Va. 2003). This presumption may be overcome via a showing by the Plaintiff of a "plus factor," beyond the subsidiary's mere presence in the corporate structure. *Id.*

It is possible for a plaintiff to allege facts and circumstances where piercing the corporate veil between a parent and subsidiary is appropriate and necessary to hold a parent corporation accountable for its actions. Plaintiff makes no such effort to do so here. Plaintiff never contests that the POLYOX Plant is owned and operated

4

by Specialty Products rather than DuPont. He offers no compelling reason for why I should consider Specialty Product's contacts with West Virginia in my analysis of personal jurisdiction over DuPont.

Instead, Plaintiff provides general information about a facility in Parkersburg owned by a different subsidiary of DuPont. The relevance of this Parkersburg facility to the question of specific personal jurisdiction in this case is unclear to me. Plaintiff then points to the fact that Specialty Products US, LLC is registered to do business with the West Virginia Secretary of State and argues that Specialty remains a subsidiary of DuPont to show that DuPont has sufficient contacts with West Virginia. Even if I assume that this is true, merely stating that the subsidiary exists and operates a facility in West Virginia clearly fails to show any reason why the subsidiary's contacts should be imputed to DuPont, the parent entity.

Plaintiff has failed to show that Defendant DuPont has purposefully availed itself of the privilege of conducting activities in West Virginia because it declines to meaningfully address the dispositive issue of why Specialty's contacts ought to be imputed to DuPont. For this reason, DuPont's Motion [ECF No. 123] is **GRANTED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 3, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE